FRANK ZORRILLA, ETC., Petitioner, v. SUPERIOR COURT OF PUERTO RICO, PONCE PART, ANTONIO J. MATTA, JUDGE, Respondent; METROPOLITAN BUILDERS CORP., Intervener.

No. C-64-57.    Decided October 15, 1964.

*Manuel Janer Mendía* and *Ramón R. Lugo Beauchamp* for petitioner. *Antonio José Amadeo, José A. Suro,* and *Miguel J. Ríos Lugo* for intervener.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On July 9, 1963, the Secretary of Labor, in representation and on behalf of nine workers, filed a complaint in the Superior Court, Ponce Part, claiming from Metropolitan Builders Corp. the amount of $1,570.28, plus an equal amount for penalty, for differences in unpaid minimum wages according to Mandatory Decrees Nos. 11 and 44 of the Minimum Wage Board of Puerto Rico, which refer to the construction industry. He alleged that intervener Metropolitan Builders contracted and utilized the services of said workers in the construction industry while building the Ponce Intercontinental Hotel. The intervener denied owing any amount and alleged, as special defense, that the action had prescribed. A hearing was held and prior to its commencement the parties stipulated that they would offer evidence as to the special defense of prescription reserving the

right to offer evidence as to the merits in case said defense did not prosper.

For the purposes of the prescription alleged, the parties stipulated the following: (a) That petitioners are workers in the construction industry and, as such, worked for the respondent in the construction of Ponce Intercontinental Hotel; (b) That the claimants ceased in their work on the dates stated below: José Martínez Rangel, on December 7, 1959; Antonio Rodríguez, on January 15, 1960; Santos Medina, on January 1, 1960; Melchor Serrano, Vidal Pabón, and Miguel Morales, ceased on February 1, 1960; Pedro Montalvo, on February 28, 1960; René Almodóvar, on May 6, 1962, and Pedro Rivera Branch, on June 1, 1960. The parties also stipulated that on December 4, 1962, the Manager of Area 4 of the Department of Labor wrote to respondent claiming the amount of $1,682.07 allegedly owed by the respondent to petitioners.

The Superior Court, Ponce Part, decreed that the action had prescribed. It held that the construction industry is not included in § 6 of Act No. 96 of 1956, Minimum Wage Act. That in construction activities the limitation period for filing claims is one year and that the letter of December 4, 1962 was sent when the claims had, therefore, already prescribed.

Act No. 96 of June 26, 1956 states in its title: "To fix certain minimum wages; to establish the Minimum Wage Board of Puerto Rico . . . to set the limitation of actions claiming wages; and to repeal" etc. . . . Section 32 provides, under the title "Limitation of Actions": (a) That the right to institute an action to recover wages which an employee may have against his employer under this Act, under the mandatory decrees heretofore or hereafter *approved* pursuant to its provisions, under the orders promulgated by the Board, *or under any contract, agreement or law,* shall prescribe upon the lapse of three years. For the purpose of the prescription of such action the time shall be reckoned from

the date the employee ceased in his employment with the employer.[1] Section 32 provides in subd. (d), that in connection with the limitation of actions provided therein, a change in the nature of the work of the employee shall not constitute a novation of the contract of hire.[2]

Notwithstanding the repeal of the Minimum Wage Act of 1941, said Minimum Wage Act of 1956 validated and ratified, leaving in full force and effect in its § 40 all their terms, every decree, order, rule, and regulation promulgated under the repealed Act of 1941. It left in full force and effect the provisions contained in the mandatory decrees that were effective on the date this Act was approved, except those relating to the minimum wage, among them, Mandatory Decree No. 11 concerning the construction industry, and it was decreed that nothing in the Act shall have the effect of reducing any minimum wage rate fixed by a mandatory decree in force or approved as of the date this Act took effect.

The trial court did not apply the limitation period of 3 years of § 32 of Act No. 96, adducing that the construction industry was not included in § 6 of said Act. Section 6 enumerates the industries to which the lawmaker himself fixed a minimum wage and did not delegate on the committees. The fact that among said industries the construction industry is not mentioned has no relevancy whatsoever as to the legal issue in question. It is proper to state that the succeeding § 7 granted a raise of 25% over the minimum wage that was being paid on January 1, 1956 for any work or service covered by mandatory decree.

---

[1] Differing from § 1867 of the Civil Code which provides that the time shall be counted "from the time the respective services have ceased to be rendered."

[2] In the last provision the Legislature established a firm rule to be followed, differing with the casuistical and liberal situation of the case law established. See *Sierra* v. *Mario Mercado e Hijos*, 81 P.R.R. 305 (1959), and cases cited at p. 316.

■■ Irrespective of whether or not the construction industry is governed by Act No. 96, § 32 by its own context is a statute of general application to any claim for wages as is § 1867 of the Civil Code, and substitutes the latter in whatever may be different or contradictory. *Rodríguez* v. *Eastern Sugar Associates*, 82 P.R.R. 563 (1961); *Agostini* v. *Superior Ct.*; *P. R. Lighterage, Int.*, 82 P.R.R. 213, 217–218 (1961); *Laborde* v. *Eastern Sugar Associates*, 81 P.R.R. 468 (1959). Section 32 of Act No. 96 as well as § 1867 of the Civil Code have fixed limitation periods of 3 years. The trial court decided, nevertheless, as a question of law, that in the construction industry the limitation period is one year.

The question of wages in the construction industry has been given special attention by the Legislature throughout the years. In 1931 it approved Act No. 73 to provide that the wages earned in the construction, extension, etc., of any improvement shall constitute a lien on such property and to establish proceedings for the execution of said lien. It was provided that whenever a worker works in the construction, extension, etc., of any improvement, house or building, the total amount of wages earned by him shall constitute a lien on said property, both when the work is done under immediate direction of the owner and when contractors, subcontractors, jobbers, or builders intervene. Said Act established also the right to claim wages and it provided that no action or claim for wages may be established against the *owner or grantee of any work* 60 days after the work for which payment is claimed has been finished. The term of 60 days was extended to one year by Act No. 2 of February 28, 1942. Thus extended it was applied by this Court in *Sierra, Commissioner* v. *Cintrón*, 72 P.R.R. 611 (1951), where we held that in addition to the execution of the lien, Act No. 73 granted the right to claim wages and that an action *against the owner* prescribed after one year had elapsed.

When Act No. 379 of May 15, 1948 establishing the working day in Puerto Rico was enacted, the Legislature again made provision in § 10 for the construction industry. It provided that in building, reconstruction, etc., work done by the job, and in any other work in which contractors, subcontractors, *ajustadores*, foremen, or any agent or representative of the employer intervenes, the employee shall also be entitled to additional compensation on the basis of the double wages that this Act fixes for extra hours of work. It was expressly provided that in such cases the owner or the person for whom the work is constructed or the work is done, shall be liable *jointly* with the contractor, subcontractor, *ajustador*, foreman, or any agent or representative of the employer, for the payment of the wages earned. In imposing said *joint* liability for wages it was decreed, however, that no claim may be filed against the *owner or grantee of the works* one year after the work for which payment is claimed has been finished.

Subsequent to Act No. 96, copious legislation was enacted in connection with the construction industry by Act No. 111 of June 22, 1961 to guarantee the payment of wages and to require contractors to post a bond; to establish the liability of the bond and of the sureties; to authorize the procedure for the claim and payment of said wages and to impose penalties. Said Act provides that every contractor shall post a payment bond to guarantee the payment of wages to the workers, which amount shall not be less that 10% of the estimated cost of the work, and the workers shall be entitled to bring judicial action for unpaid wages. It provided in § 9 that the action against the bond and the sureties of the contractor shall be understood as lapsed one year after the work and all labor thereon has been completed. Upon expiration of said term the bond may be cancelled, unless any judicial action under this Act is pending.

The preceding legislative background shows that the lawmaker specifically intended to give additional protection to the worker in the construction industry, holding the *owner* for whom the work is constructed jointly liable for the payment of wages, even if he has not intervened or signed the contract of work. In the case of Act No. 111, sureties were held liable. On the other hand, the additional liability imposed on the owner, or the sureties, has been limited by the lawmaker to the period of one year. None of said Acts has reduced the limitation period of 3 years to one year in case of a claim against the contractor, subcontractor, *ajustador*, or foreman who builds and signs the contract of work. For them the period of 3 years has always existed, under § 1867 of the Civil Code as well as now under § 32 of Act No. 96.

Even more. Culminating said legislative background, on April 26, 1963, Act No. 12, which amended the aforecited § 10 of Act No. 379 of 1948 was approved and it provided now that the limitation period of one year in favor of the *owner* or *grantee* of the work is not applicable if the work is done by *force account*, and the amendment says: "in which case the provisions on limitation of actions claiming wages, of § 32 of Act No. 96 of June 26, 1956, as amended, shall govern." It is not correct, therefore, to hold at law that, different from other industries, the construction industry is governed in general by a limitation period of one year as to actions of claim for wages. The action in the case at bar has not been filed against the owner of the work, Ponce Hotel, but against the constructor thereof.

Since it seemed clear to us from the beginning that the claimants were entitled to have their claim decided on the merits and since the legislative practice has vested these actions with a summary nature—Act No. 2 of October 17, 1961—and the trial court not yet having elucidated the claim on the merits, we entered an order against intervener Metropolitan Builders Corp. and granted a reasonable term of 25

days to show cause why the writ of certiorari should not be issued and the decision of the trial court of June 17, 1964, which held that the action had prescribed, should not be set aside. The intervener has appeared by brief consisting of a short paragraph, in which it neither confronts the question raised nor makes any effort to justify at law the correction of said judgment.

For the reasons stated the writ of certiorari is issued, the judgment of the trial court of June 17, 1964, which held that the action had prescribed, will be set aside, and the record will be remanded to said court to take cognizance of the claim on the merits and for any further proceedings pursuant to the pronouncements herein.